IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARCUS DUKES,** | * | |
| | * | |
| Petitioner, | * | |
| | * | Case No.: RWT 09cv135 |
| v. | * | |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION

Pending before the Court are several motions filed by Petitioner Marcus Dukes, all of which relate to his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because the Court finds that Petitioner's § 2255 claims are either barred or unmeritorious, the Court will deny, by separate order, the § 2255 motion as well as several motions relating to it.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On June 8, 2005, a jury found Petitioner guilty of mail fraud, interstate transportation of property obtained by fraud, and money laundering, in connection with his solicitation of investors in companies in advance of purported initial public offerings ("IPOs") of stock. See United States v. Dukes, 242 F. App'x 37, 40 (4th Cir. 2007). A month later, Petitioner filed his appeal with the Fourth Circuit, arguing that this Court erred in admitting certain evidence and in applying U.S. Sentencing Guidelines enhancements to Petitioner's sentence. Id. at 41. The Fourth Circuit affirmed Petitioner's convictions, but remanded the case to this Court for resentencing based upon an erroneous sentencing guidelines enhancement. Id. at 54. On remand, this Court reduced Petitioner's sentence from 120 months to 108 months of

incarceration. United States v. Dukes, Criminal Action No. RWT-03-133 (D. Md. Oct. 17, 2007) (Amended Judgment).

**II.      § 2255 PETITION**

In his § 2255 Motion, Petitioner raises three separate grounds for why he is being unlawfully held. First, Petitioner contends that his conviction was obtained by an unconstitutional failure of the prosecution to disclose favorable evidence favorable to him. Second, Petitioner contends that his conviction was obtained by a violation of the privilege against self-incrimination. Third, Petitioner contends that he was denied effective assistance of counsel. The Court will address each of these grounds in turn.

**A. Failure To Disclose Favorable Evidence to the Defendant**

Petitioner alleges that the prosecution withheld information provided by the National Association of Securities Dealers ("NASD") and the original SEC audit. (Pet'r Mot. 5.) If the prosecution had provided Petitioner with this evidence, Petitioner contends he could have proven that a Government witness who works for NASD, Mimi Lee, perjured herself.[1] (Id.; Pet'r Aff. ¶ 46.) Specifically Petitioner contends that-undisclosed e-mails from the NASD and the SEC audit indicated that Petitioner was barred from working in the securities industry as of 2001, and that

---

[1] Petitioner states in his § 2255 Motion that there were "multiple perjuring witnesses" at trial, but in his accompanying Affidavit, he only discusses the alleged perjury of Mimi Lee. (Pet'r Mot. 5; Pet'r Aff. ¶ 45.) Consequently, the Government only responded to allegations of Ms. Lee's perjury. (Gov't Resp. 4–5.) In his Reply, however, Petitioner discusses the alleged perjury of another Government witness, Kevin Delacy, and contends that if he had had access to documents underlying summary charts presented by the Government at trial, he would have proven that Mr. Delacy perjured himself. See Pet'r Reply; see also Dukes, 242 F. App'x at 49–50 (discussing the admissibility of the summary charts). Petitioner is barred from raising this additional ground for the first time in his reply. See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in reply brief or memorandum will not be considered.). Even if the Court considered Petitioner's claim, however, it would be barred because Petitioner did not raise it on appeal and fails to show cause and actual prejudice.

Ms. Lee perjured herself when she testified that Petitioner was barred as of 1994.  (Pet'r Aff. ¶ 46–53.)  In response, the Government argues, first, that this claim is barred because it was not raised in Petitioner's appeal; second, that the prosecution did not withhold the NASD e-mails and SEC audit from him; and third, that Mimi Lee did not perjure herself.  (Gov't Resp. 4–9.)

A petitioner's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the error of which he complains.  See United States v. Frady, 456 U.S. 152, 167–68 (1981).  To show cause, a petitioner must demonstrate that an external objective factor impeded his ability to directly appeal.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  A "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard."  Id. (quotation marks and citations omitted). To show actual prejudice, petitioner must demonstrate that he was denied fundamental fairness, see id. at 494, or that, but for the error, he "might not have been convicted," Reed v. Ross, 468 U.S. 1, 12 (1984).

It is undisputed that Petitioner did not appeal his convictions on the ground that the prosecution withheld favorable evidence from Petitioner.  Accordingly, Petitioner needs to show cause excusing his procedural default and actual prejudice resulting from the alleged withholding of evidence.  To show cause, Petitioner argues that the prosecution withheld documents of which he became aware after his appeal.  To show prejudice, Petitioner argues that with the documents in hand, he would have proven that Ms. Lee perjured herself, which would have likely resulted in a different verdict.

Petitioner has neither shown cause excusing his procedural default nor actual prejudice resulting from the alleged withholding of evidence.  As for cause, Petitioner has not

demonstrated that the prosecution withheld NASD e-mails and the SEC audit. Besides Petitioner's statements, there is no evidence that these documents exist or that the Government possessed them. Indeed, the Government "is confident that no member of the prosecution team received any e-mails from the NASD or that these e-mail[s] existed." (Gov't Resp. 7.) Moreover, assuming that these documents exist, Petitioner's own affidavit makes clear that he was aware of them as early as 2001. (Pet'r Aff. ¶ 44.) Accordingly, Petitioner could have appealed their withholding. As for actual prejudice, Petitioner has failed to show that Ms. Lee perjured herself. Ms. Lee testified that Petitioner was barred from working in the securities industry as of 1994 based upon Government admitted exhibits NASD 11 and NASD 13, which together stated that Petitioner was "barred from association in any capacity with any member of the association," "which became effective March 1995." (Gov't Resp. Ex.1–2.) Therefore, the Court concludes that Petitioner's claim that the prosecution failed to disclose evidence is barred because it was not raised on appeal and Petitioner has not shown cause excusing his procedural defect or actual prejudice resulting from the alleged withholding of evidence.

### B. Violation of Privilege of Self-Incrimination

Petitioner alleges that the prosecution did not advise him of the possible criminal investigation by the Department of Justice ("DOJ") at the time he provided deposition testimony in his civil cases and, as a result, the use of his statements in the criminal case amounted to a violation of his rights against self incrimination. (Pet'r Mot. 5–6.) The Government responds, first, that this claim is barred for not having been raised in a pretrial motion, in trial, or on appeal; and, second, that there was no Fifth Amendment violation because Petitioner knowingly and willingly provided the deposition testimony. (Gov't Resp. 12–15.)

The Court concludes that Petitioner's self-incrimination claim is also barred because Petitioner did not raise it on appeal. It is undisputed that Petitioner did not appeal his conviction on the ground that his Fifth Amendment privilege against self-incrimination was violated, and Petitioner does not even attempt to show cause for his procedural default. The record reflects that Petitioner's counsel was present at depositions conducted by the Securities and Exchange Commission ("SEC") and Maryland Securities Commission, and that, during his SEC deposition, Petitioner was advised that facts developed in the SEC investigation may constitute violations of federal criminal law. (Gov't Resp. 13–14, Ex.F.) Moreover, Petitioner's showing of prejudice is insufficient, considering that Petitioner made some of the admissions at trial that he made during his civil depositions. (Gov't Resp. 14–15.) Thus, the Court concludes that Petitioner's claim of violation of the privilege of self-incrimination is barred because he did not raise it on appeal and did not show cause excusing his procedural default or actual prejudice resulting from the alleged violation.

**C. Ineffective Assistance of Counsel**

Lastly, Petitioner contends that counsel failed to properly object to the admission of a prejudicial consent decree and failed to defend his company's business practices. (Pet'r Mot. 5; Pet'r Aff. ¶¶ 67–68.) In response, the Government argues that Petitioner's counsel performed at an objective standard of reasonableness. (Gov't Resp. 9.)

To determine whether assistance of counsel was constitutionally adequate, the Court applies the two prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell below "an objective standard of reasonableness." Id. at 688. In evaluating counsel's professional competence, there is a strong presumption that defense counsel's conduct was within the wide range of reasonable professional

assistance. Id. at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court determines that defense counsel's representation with regard to the admission of the consent decree was not objectively unreasonable and that there is no reasonable probability that, but for counsel's representation regarding this matter, the jury verdict would have been different. The Government introduced the consent decree into evidence for the purpose of getting the findings of fact before the jury. Dukes, 242 F. App'x at 47. Petitioner's counsel made the following objection: "Your Honor, in that document, aside from those specific findings of fact that my client expressly consented to, everything else in that document is the commissioner's hearsay that has no place before this jury." Id. This court instructed the Government that the findings of fact, but not the legal conclusions, could be read into evidence. Id. Despite this instruction, the entire decree was published to the jury, and Petitioner's counsel did not move the Court to enforce its ruling that only portions of the consent decree should be admitted into evidence. Id. Because Petitioner's counsel had successfully persuaded the Court to limit its admissibility, the Court cannot say that it was objectively unreasonable for counsel to not remind the Court to enforce its prior ruling.

More importantly, however, Petitioner has failed to show that counsel's failure to re-object to the admissibility of the entire consent decree undermines confidence in the jury verdict. The Fourth Circuit found on appeal that Petitioner had failed to show that the admission of the entire consent decree affected the outcome of the trial. Id. at 48. The Fourth Circuit stated: "Given the cumulative evidence of Dukes's misrepresentations to potential . . . investors and

members, and taking into account any error in the admission of the consent decree, we conclude that Dukes has not shown how admission of the consent decree affected his substantial rights because we are assured that the judgment was not substantially swayed by [any possible] error." Id. at 49 (quotation marks omitted).  Considering that the admission of the consent decree did not affect the outcome at trial, it is hard to imagine how the failure of Petitioner's counsel to re-object to the admission of the consent decree would have reasonably resulted in a different jury verdict.  Therefore, Petitioner has not demonstrated that counsel's representation regarding the consent decree was constitutionally inadequate.

As for counsel's representation relating to Petitioner's company's business practices, it is unclear which actions by defense counsel Petitioner thinks were objectively unreasonable.  He states that counsel "failed to prove the business was a legal growing concern by doing such things as proving the businesses were operational and functional before the extensive government interference." (Pet'r Aff. 68.)  Failure of proof as to viability of Petitioner's business does not equate to inadequate representation.  On Petitioner's behalf, counsel put three witnesses on the stand, as well as Petitioner, and Petitioner testified regarding the successes of his business operations.  The Court sees no error in counsel's representation relating to the operations and function of Petitioner's businesses.

### III.     OTHER MOTIONS

As mentioned, Petitioner has filed several other motions relating to his § 2255 Motion, including three motions requesting appointment of counsel, a motion to preserve evidence, a motion to order the NASD to turn over evidence, and a motion to hold two federal prosecutors in contempt of court.

7

The Court will, by separate order, deny Petitioner's requests for appointment of counsel. While the issues in this case are relatively complex, Petitioner has articulated his claims adequately, and there are no exceptional circumstances to warrant appointment of counsel at this time. See 28 U.S.C. § 1915(e)(1); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed in exceptional cases . . . .").

The Court will also, by separate order, deny Petitioner's motions to preserve evidence, to order the NASD to turn over evidence, and to hold two federal prosecutors in contempt of court. As far as the Court can tell, all of the relevant documents that Petitioner requests be preserved and/or turned over are in the hands of the United States Attorney's Office. It is the policy and practice of the U.S. Attorney's Office for the District of Maryland to retain all materials related to a prosecution until all of the litigation has terminated, including collateral attacks. It is also an obligation of the U.S. Attorney's Office to turn over all favorable evidence to Petitioner, and Petitioner has not shown any failure to do so in this case. It is therefore unnecessary for the Court to order the U.S. Attorney's Office to preserve and/or turn over records from their investigation and inappropriate to hold the two federal prosecutors in contempt of court.

IV.   CONCLUSION

For the foregoing reasons, the Court will, by separate order, deny Petitioner's Motions Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Paper Nos. 251 & 252], Motions for Appointment of Counsel [Paper Nos. 262, 263, & 281], Motion To Halt Destruction of Evidence in § 2255 Proceeding [Paper No. 271]; Motion To Order the National Association of Securities Dealers To Turn Over Evidence [Paper No. 273];

and Motion To Hold AUSA [Assistant United States Attorney] Bryan Foreman and AUSA Steven Dunn in Contempt of Court [Paper No. 276].

November 2, 2009

                                        /s/
                                ROGER W. TITUS
                UNITED STATES DISTRICT JUDGE