IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| **MARCUS DUKES,** | * |
| Petitioner, | * |
| v. | * Civil Case No.: RWT 09-135 |
|   | * Criminal Case No.: RWT 03-133 |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |

## MEMORANDUM OPINION AND ORDER

Marcus Dukes requests a certificate of appealability so that he can appeal this Court's order denying relief on his 28 U.S.C. § 2255 motion.  See Paper No. 288.  In his motion, Mr. Dukes argues that the Court erred in not holding an evidentiary hearing relating to his § 2255 motion and in rejecting his due process claim of failure to disclose favorable evidence and his Sixth Amendment claim of ineffective assistance of counsel.  Seeing no error in these decisions, the Court will deny Mr. Dukes' request.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  In other words, an evidentiary

hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that the petitioner is not entitled to relief. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Whether an evidentiary hearing is necessary is left to the sound discretion of the district court judge. Id. at 530. Yet, where a petitioner presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is required. United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

The Court fails to see any error in not conducting an evidentiary hearing on Mr. Dukes' § 2255 motion or in its conclusions relating to Mr. Dukes' constitutional claims. As explained in the Court's Memorandum Opinion, Mr. Dukes' claim that the prosecution withheld favorable evidence (i.e., the original SEC audit) was procedurally barred because he did not appeal his conviction on this ground. Dukes v. United States, No. 09cv135, 2009 WL 371558, at *2 (D. Md. Nov. 3, 2009). As a result, Mr. Dukes had to show cause excusing the procedural default and prejudice resulting from the alleged withholding of evidence. Id. It was apparent from Mr. Dukes' motion, the Government's response, and the record that Mr. Dukes could not show that the prosecution withheld any exculpatory evidence, including what he calls "the original SEC audit,"[1] nor that he suffered prejudice from its alleged withholding. Id. Likewise, Mr. Dukes could not show that defense counsel's representation was inadequate nor that the jury would have arrived at a different verdict but for counsel's alleged errors. Id. at *3. Having failed to raise colorable due process or Sixth Amendment claims in his § 2255 motion, Mr. Dukes was clearly not entitled to an evidentiary hearing or any post-conviction relief, and he is not entitled to a certificate of appealability now.

---

[1] Although "unsure of what Petitioner is referencing as 'the original audit for the SEC's case,'" the Government contends that Mr. Dukes had received pre-trial all documents which served as a basis for the testimony of the SEC employee, Kevin DeLacy. See Gov't Opp'n 9.

Accordingly, it is on this 12th day of January, 2010, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner Marcus Dukes' Motion and Request for Certificate of Appealability [Paper No. 288] is **DENIED**.

                                              /s/
                                       ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE