IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | Criminal No. RWT-03-133 |
| | * | Civil No. RWT-09-135 |
| **MARCUS DUKES** | * | |
| | * | |

## MEMORANDUM OPINION

Marcus Dukes has filed *pro se* a Motion for Relief from Order and to Reopen Judgment Pursuant to Rule 60(b) ("the Rule 60(b) Motion") [ECF No. 294], a Motion to Issue Order [ECF No. 296], and a Motion for Default Judgment [ECF No. 299]. The United States has filed a Memorandum in Opposition. *See* ECF No. 302. For the reasons stated herein, the Court will deny all of Mr. Dukes' motions.

On June 8, 2005, Mr. Dukes was convicted of multiple fraud and money laundering offenses. The Fourth Circuit affirmed his convictions but remanded for resentencing. *United States v. Dukes*, 242 F. App'x 37 (4th Cir. 2007), *cert. denied*, 128 S.Ct. 1121 (2008). This Court entered an amended judgment on October 17, 2007, *see* ECF No. 239, and Mr. Dukes did not appeal. He later challenged his convictions through a motion under 28 U.S.C. § 2255. *See* ECF No. 251. This Court denied the motion, *see Dukes v. United States*, 2009 WL 3711558 (D. Md. Nov. 3, 2009) [ECF No. 283], and denied his request for a certificate of appealability. *Dukes v. United States*, 2010 WL 152048 (D. Md. Jan. 13, 2010) [ECF No. 290]. The Fourth Circuit denied a certificate of appealability, dismissed his appeal, and the Supreme Court denied further review. *See United States v. Dukes*, 384 F. App'x 270 (4th Cir.), *cert. denied*, 131 S.Ct. 672 (2010). While the petition for certiorari was pending, Mr. Dukes filed his

Rule 60(b) Motion, and followed up with additional, related motions, including a motion for the Court to issue an order regarding his prior motion, and a motion for default judgment. *See* ECF Nos. 294, 296, 299. Mr. Dukes' Rule 60(b) motion sets forth myriad allegations of fraud and misconduct against the prosecutors who presented the case against him, replowing much of the same terrain from the prior § 2255 proceeding. *See* ECF No. 294 at 1.

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" under certain circumstances. Fed. R. Civ. P. 60(b). Mr. Dukes' Rule 60(b) Motion, however, must be denied for three independently sufficient reasons.

First, the Court does not have jurisdiction to consider Mr. Dukes' Rule 60(b) Motion because it constitutes his second and successive claim for post-conviction relief. "The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') imposed strict limits on the consideration of 'second or successive' habeas petitions . . . ." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). A individual cannot file more than one post-appeal motion for relief, unless he can demonstrate significantly changed circumstances, such as a material change in law or newly discovered evidence which would clearly exonerate the inmate. 28 U.S.C. §§ 2255 (h)(1) and (2). These exceptional circumstances must be certified by the court of appeals *in advance*. A motion "directly attacking" a "conviction or sentence will usually amount to a successive application," and "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under 60(b) but is instead continuing his collateral attack on his conviction or sentence." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.

Mr. Dukes already filed, and lost, a motion under § 2255.  Consequently,"[i]n the absence of pre-filing authorization [from the appropriate court of appeals as required by the AEDPA], the district court lacks jurisdiction to consider" Mr. Dukes' Rule 60(b) Motion, which the Court construes as a successive claim for post-conviction relief.  *Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Second, Mr. Dukes' Rule 60(b) Motion is time-barred under 28 U.S.C. § 2255, because it was filed on November 3, 2010, more than one year after his conviction became final through the Supreme Court's denial of his petition for a writ of certiorari on January 22, 2008.  Title 28, United States Code, Section 2255 provides for a one-year statute of limitations which runs from:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations applies to initial as well as second and successive § 2255 motions.  *See Dodd v. United States,* 545 U.S. 353, 359 (2005).

Mr. Dukes' Rule 60(b) Motion is not timely under any of these provisions.  First, it was filed more than one year after the judgment of conviction became final.  Second, the government has not placed an impediment on Mr. Dukes which prevented him from filing a timely petition, and he does not allege any such impediment.  Third, Mr. Dukes does not cite a "newly recognized" right which is "retroactively applicable to cases on collateral review."  Fourth, while Mr. Dukes sets forth a variety of matters which he claims to be "new evidence," *see*

ECF No. 294 at 2-4, some of which are factual assertions relating to this case and other of which are not, he does not explain why these matters could not have been discovered years ago through the exercise of due diligence. Indeed, much of his 2009 § 2255 motion involved similar claims against the prosecutors. Accordingly, the Rule 60(b) Motion filed on November 3, 2010, more than one year after the denial of certiorari on January 22, 2008, is time-barred. *See Clay v. United States,* 527 U.S. 522, 527 (2003) (noting that in post-conviction relief, "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

Third and finally, the Court cannot consider the legal issues Mr. Dukes raises in his Rule 60(b) Motion because he did not raise these issues on direct appeal and is procedurally barred from raising them in this successive paper. A "final judgment commands respect," and "[f]or this reason, [the Supreme Court has] long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). To overcome his procedural error and raise issues for the first time in this Rule 60(b) Motion, Mr. Dukes would be required to satisfy the "cause and actual prejudice standard," which provides that "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 167-68. In denying Mr. Dukes' § 2255 motion, this Court concluded that Mr. Dukes' "claim that the prosecution failed to disclose evidence is barred because it was not raised on appeal and [Mr. Dukes] has not shown cause excusing his procedural defect or actual prejudice resulting

from the alleged withholding of evidence." *See* ECF No. 282 at 4.  There is no reason to revisit that ruling now.

      For the foregoing reasons, all of Mr. Dukes' motions will, by separate order, be denied.

Date:  January 29, 2013                                                  /s/
                                                                                 ROGER W. TITUS
                                                                                 UNITED STATES DISTRICT JUDGE